IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLLIE LEE EVANS                                                                                   PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:10cv673-FKB

BRIND LADNER, et al.                                                                         DEFENDANTS

**OMNIBUS ORDER**

Ollie Lee Evans is a Mississippi Department of Corrections (MDOC) inmate who in the past has been housed at both Central Mississippi Correctional Facility (CMCF) and South Mississippi Correctional Institution. The individual defendants are prison officials. Defendant Wexford Health Sources (Wexford) is a healthcare contractor which provides medical care to MDOC inmates. Plaintiff brought this action pursuant to § 1983 alleging that he has been exposed to second-hand smoke at both CMCF and SMCI and that Defendant Wexford has denied him medical treatment for his breathing problems resulting from the second-hand smoke exposure. A *Spears* hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered the complaint, Plaintiff's testimony at the hearing, and the pending motions, the Court finds and rules as follows.

Defendant Wexford Health Sources has moved to dismiss the claims against it based upon Plaintiff's alleged failure to exhaust. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits

about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). In support of the motion, Wexford has submitted documents it received from Plaintiff regarding a grievance Plaintiff filed with the Administrative Remedies Program (ARP) at CMCF. The documents indicate that Plaintiff filed a grievance requesting to be transferred to another facility because of the second-hand smoke at CMCF. Wexford argues that it is entitled to dismissal because these documents do not show that Plaintiff ever filed an ARP grievance concerning any actions or failure to act by Wexford.

Exhaustion under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217 (2007). Thus, Wexford bears the burden of proof on this issue. Although Wexford has included records with its motion, the records are not accompanied by any affidavit authenticating them. Furthermore, there is no affidavit or other evidence to establish that these are *all* of Plaintiff's ARP records and that he filed no grievance concerning the claims asserted against Wexford in this lawsuit. Accordingly, dismissal is not warranted for failure to exhaust the claims against Wexford.[1]

Nevertheless, the Court agrees with Wexford that judgment as a matter of law is warranted on Plaintiff's claims against it. Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a prisoner must

---

[1]Prior to the filing of the present motion, Plaintiff filed motions requesting a declaration that he has exhausted his administrative remedies. These documents reveal that Plaintiff filed an ARP concerning second-hand smoke. However, they do not address the issue of whether he has filed an grievance concerning denial of medical care by Wexford.

show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Plaintiff's allegations against Wexford fall far short of this standard.  The sum of the factual basis for Plaintiff's claim appears to be that Wexford has failed to have him tested him to determine whether he has suffered any lung damage as a result of exposure to second-hand smoke.  Furthermore, Plaintiff has failed to identify any individual who was responsible for any refusal to provide him treatment.  Accordingly, all claims against Wexford are hereby dismissed.

The remaining claims are hereby set for a bench trial before the undersigned on Wednesday, February 29, 2012 at 9:00 a.m.

Plaintiff's motion to amend to join Emmett Sparkman as a defendant [20] is hereby granted.  The Clerk is directed to issue a summons for this defendant and to forward same to the U.S. Marshal for service of process.  Plaintiff's other motions to amend [26, 28, and 29] are dismissed as moot.

Plaintiff's motions for default judgment and for a speedy trial [25 and 33] are denied.

Upon motion of the Plaintiff, the Court shall secure the presence at the trial of up to three witnesses who are incarcerated if the Court concludes that their testimony is relevant.  Plaintiff shall include in any such motion the prisoner identification number and correctional facility in which the witness is housed and shall state in detail the nature of the proposed testimony and how it is relevant to the factual issues of Plaintiff's claim.

Any such motion shall be made no later than thirty days prior to trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the hearing. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than thirty days prior to trial, Plaintiff shall submit to the Clerk's office a request for a subpoena to be issued for the witness and returned to Plaintiff. The request shall include the name and address of the witness. The issued subpoena will be returned to Plaintiff, who shall be responsible for having the subpoena served in accordance with Rule 45 of the Federal Rules of Civil Procedure.

Plaintiff's motion for leave to propound discovery requests [25] is granted. Discovery in this case shall be limited to thirty interrogatories, thirty requests for production, and thirty requests for admission for each party. Defendants shall produce all of Plaintiff's prison medical records to him within thirty days, if they have not already done so. All discovery shall be completed by October 28, 2011. Any dispositive motions shall be filed by November 11, 2011.

So ordered and adjudged, this the 25th day of July, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE