IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

OLLIE LEE EVANS                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:10cv673-FKB

CHRISTOPHER EPPS, et al.                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

Ollie Lee Evans is a state inmate currently incarcerated at the Alcorn County
Correctional Facility.  He brought this action pursuant to 42 U.S.C. § 1983 alleging that he
was exposed to environmental tobacco smoke (ETS) while housed at the Central
Mississippi Correctional Facility (CMCF) and at South Mississippi Correctional Institute
(SMCI).  Defendant Christopher Epps is Commissioner of the Mississippi Department of
Corrections (MDOC); Defendant Margaret Bingham was, during the relevant time period,
the superintendent of CMCF, and Defendant Ernest Lee was the warden of CMCF.
Defendant Brian Ladner, the current warden of CMCF was previously the assistant
warden at the facility.  Presently before the Court is Defendants' motion for summary
judgment [62].  Plaintiff has not responded to the motion.  Having considered the motion,
the affidavits submitted in support of the motion, Plaintiff's sworn complaint, and Plaintiff's
testimony at the *Spears* hearing, the Court concludes that the motion should be granted.

In *Helling v. McKinney*, 509 U.S. 25 (1993), the Supreme Court held that prison
officials may violate the Eighth Amendment if they expose inmates to an excessive level
of ETS.  In its opinion, the Supreme Court identified two elements that a prisoner must
establish in order to succeed on an ETS claim.  First, he must show that he is being

exposed to unreasonably high levels of ETS.  *Id.* at 35.  This element takes into account

scientific and statistically inquiry into the harm caused by ETS, as well as whether society

considers the risk of which the prisoner complains to be so grave that exposure violates

contemporary standards of decency.  *Id.* at 36.  Second, a prisoner must show that prison

officials were subjectively deliberately indifferent to the risk of harm to him.  *Id.* at 35.

The Court concludes that Plaintiff has failed to come forward with evidence to

establish that he was exposed to unreasonably high levels of ETS.  The sole allegations in

his Plaintiff's complaint are that second hand smoke is bad for his health because he has

breathing problems and that he filed an ARP because of this.  His *Spears* hearing

testimony regarding exposure was only slightly more specific.  At the hearing, he testified

that for several months he was exposed to second-hand smoke at CMCF's medical unit

while he was housed there and, later, after his transfer to SMCI, on the occasions in

which he was brought back to the CMCF medical unit for treatment.  He also stated that

he was exposed to ETS at SMCI.  Evans has given no further details concerning the

amount of smoke, the number of smokers, nor the frequency or length of time of his

exposures, and he filed no response to the motion for summary judgment.  This evidence

is insufficient to withstand Defendants' motion.

Furthermore, Plaintiff has failed to create a factual issue as to deliberate

indifference on the part of any defendant.  In his affidavit attached to the motion,

Defendant Epps states that he has no personal role in the enforcement of the smoking

policies at either SMCI or CMCF.  Defendants Bingham and Lee state in their affidavits

that during their tenures at CMCF, designated smoking areas, exhaust fans, and floor

2

fans were used to prevent exposure to ETS.  The sworn statement of Defendant Lee

indicates that these efforts have continued during his employment.  All Defendants deny

having had any personal involvement with Evans.

Again, Evans's evidence consists solely of his testimony at the *Spears hearing.*  He

testified that on one occasion, he asked Defendant Ladner to move him to a different zone

on the medical unit so that he would not be exposed to smoke and that Ladner responded

that someone else was responsible for making that decision.   As to Ernest Lee, Plaintiff

stated that he tried to talk with him about a transfer on one occasion but that Lee was too

busy to listen to him.  Plaintiff explained that his reason for suing Defendants Bingham

and Epps was that they failed to respond to letters in which he requested to be transferred

because of the smoke.  This testimony is insufficient to show that any of the defendants

were deliberately indifferent to a serious risk to Evans's health.

For these reasons, Defendants' motion for summary judgment is hereby granted.

All other pending motions are denied as moot.   A separate judgment will be entered.

So ordered and adjudged, this the 27th day of June, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE